UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WASHINGTON, III,

                Petitioner,

v.
                                 Case No. 24-cv-10700
                                 HON. MARK A. GOLDSMITH

ADAM DOUGLAS,

                Respondent.

_____/

**OPINION & ORDER (i) GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 9), (ii) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, (iii) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (iv) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, Michigan prisoner James Washington, III was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Saginaw County Circuit Court in 2000. He was initially sentenced to consecutive terms of life in prison without the possibility of parole and two years in prison. Because Petitioner committed the crimes when he was a juvenile, he was subsequently re-sentenced to 40 to 60 years in prison on the murder conviction, to be served consecutively to his two-year felony firearm sentence. In his pro se petition, as amended, he raises claims concerning the effectiveness of defense counsel and the validity of his sentence (Dkt. 7).

The matter is now before the Court on Respondent's motion to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions (Dkt. 9). Petitioner has filed a reply to that motion contending that the petition should not be dismissed because he is entitled to statutory and/or equitable tolling of the one-year period (Dkt. 11). Having reviewed the matter, the Court concludes that the habeas petition is untimely and must be

dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## I.    BACKGROUND

Petitioner was initially convicted of first-degree murder and felony firearm and sentenced to consecutive terms of life in prison and two years in prison in 2000. The Michigan Court of Appeals affirmed his convictions on direct appeal, People v. Washington, No. 225605, 2002 WL 1010040 (Mich. Ct. App. May 17, 2002) (unpublished), and the Michigan Supreme Court denied leave to appeal. People v. Washington, 655 N.W.2d 557 (Mich. 2002).

Following the United States Supreme Court decisions in Miller v. Alabama, 567 U.S. 460 (2012) (ruling that mandatory non-parolable life sentences for juveniles are unconstitutional) and Montgomery v. Louisiana, 577 U.S. 190 (2016) (ruling that Miller is retroactive) and Petitioner's related collateral review proceedings in the state courts, the Michigan Supreme Court vacated Petitioner's first-degree murder sentence and remanded the case to the state trial court for re-sentencing. People v. Washington, 877 N.W.2d 727 (Mich. 2016).

On April 17, 1018, the trial court re-sentenced Petitioner to 40 to 60 years in prison on the murder conviction to be served consecutively to his two-year sentence on the felony firearm conviction (Dkt. 10-4). Petitioner filed an appeal of right with the Michigan Court of Appeals challenging the validity of his new sentence. The court denied relief and affirmed his sentence. People v. Washington, No. 343987, 2019 WL 3369770 (Mich. Ct. App. July 25, 2019) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. People v. Washington, 951 N.W.2d 676 (Mich. 2020).

On January 21, 2022, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the effectiveness of defense counsel and the validity of his sentence (Dkt. 10-2). On March 18, 2022, the trial court denied the motion (Dkt. 10-3). Petitioner filed a

delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. People v. Washington, No. 352951 (Mich. Ct. App. March 14, 2023) (Dkt. 10-9). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied, People v. Washington, 994 N.W.2d 247 (Mich. 2023), as was his motion for reconsideration, 996 N.W.2d 474 (Mich. 2023).

Petitioner dated his initial federal habeas petition on March 14, 2024 (Dkt. 1). He subsequently dated a motion to amend, along with an amended habeas petition, on July 17, 2024 (Dkt. 7). The Court granted the motion to amend (Dkt. 12). Respondent filed the instant motion to dismiss on September 19, 2024 (Dkt. 9). Petitioner dated his reply to that motion on October 13, 2024 (Dkt. 11).

## II.    ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   A habeas petition filed outside the prescribed time period must be dismissed.  See Isham v. Randle, 226 F.3d 691, 694–695 (6th Cir. 2000) (dismissing a case filed 13 days late).

Petitioner's convictions and sentences became final after the AEDPA's April 24, 1996 effective date.   The Michigan Supreme Court denied leave to appeal on direct appeal following re-sentencing on December 22, 2020.   His convictions and sentences became final 90 days later on or about March 22, 2021, when the time for seeking review in the United States Supreme Court expired.   See Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (conviction becomes final when the time for filing a certiorari petition expires); S. Ct. R. 13(1).   Accordingly, Petitioner was required to file his federal habeas petition by March 22, 2022, excluding any time during which a properly filed application for state post-conviction or collateral review was pending.   28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on January 21, 2022.   At that point, 305 days of the one-year period had run.   The one-year period was then tolled during the pendency of his state court collateral review proceedings until October 31, 2023 when the Michigan Supreme Court denied reconsideration.   Petitioner then had about 60 days, until January 2, 2024 (due to weekend and holiday) to file his federal habeas petition.   He did not do so.   He dated his petition on March 14, 2024 – more than two months (72 days) after the one-year period had expired.   His habeas petition is therefore untimely and subject to dismissal.

Petitioner does not assert that his claims are based upon newly-enacted, retroactively applicable law.   Rather, he contends that at least one of his claims is based upon newly-discovered evidence: his attorney's affidavit signed on February 22, 2022.   Mot. to Amd. Pet at PageID.92

(Dkt. 7); Resp. at PageID.1245–1256) (Dkt. 11). Under § 2244(d)(1)(D), the limitations period begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for a habeas claim, not when the petitioner recognizes the legal significance of those facts. Smith v. Meko, 709 F. App'x 341, 344 (6th Cir. 2017). The question under that provision is not when a petitioner first learned of the new evidence; it is when he should have learned of the new evidence had she exercised reasonable care. Townsend v. Lafler, 99 F. App'x 606, 608 (6th Cir. 2004). The start of the limitations period "does not await the collection of evidence which supports the facts." Brooks, 307 F. Supp. at 906. Section 2244(d)(1)(D) is evaluated on a claim-by-claim basis. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A habeas petitioner bears the burden of showing due diligence in discovering the factual predicate for a claim. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006).

In this case, Petitioner knew or could have known of the facts underlying his habeas claims at the time of his re-sentencing and related direct appeals in the state courts. To be sure, Petitioner filed his motion for relief from judgment (after re-sentencing) in the state trial court in January, 2022, even though his counsel's affidavit was signed in February 2022. Petitioner knew or should have known of the facts underlying his habeas claims at the time of re-sentencing and his related direct appeals. He fails to demonstrate that any evidence is so newly discovered that it would make any of his habeas claims timely. He is thus not entitled to statutory tolling of the one-year period on such a basis.

Petitioner also contends that he is entitled to statutory tolling because the State created an impediment to the filing of his habeas petition. He cites the following reasons: (i) he received notice of the Michigan Supreme Court's October 31, 2023 decision on November 5, 2023 (six days after issuance); (ii) it took him 14 days more days, until November 20, 2023, to obtain a prison call out for the law library; (iii) the 2023 Thanksgiving holiday; (iv) the COVID-19

pandemic, which limited law library access from December, 2020 to January, 2022; (v) the termination of a prison librarian and Covid/flu protocols in December, 2023, (vi) prison under-staffing; (vii) a family member's delay in sending him a copy of a 2254 petition from January, 2024 to February 16, 2024; and (viii) he needed copies of court orders and legal assistance to complete his petition in February and March, 2024. Resp. at PageID.1242–1243, 1245.

Section 2244(d)(1)(B), however, does not apply under such circumstances. The cases applying § 2244(d)(1)(B) "have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." Shannon v. Newland, 410 F.3d 1083, 1087–1088 (9th Cir. 2005). Typical conditions of prison life do not constitute unconstitutional state-created impediments. See, e.g., Maclin v. Robinson, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment). Moreover, the claimed impediment must have actually prevented the petitioner from filing a timely petition of a known claim. Wood v. Spencer, 487 F.3d 1, 7–8 (1st Cir. 2007).

Petitioner fails to allege facts which show that prison officials intentionally denied him access to legal materials which were necessary for him to file his federal habeas petition or that they otherwise interfered with his ability to timely file a federal habeas petition during the relevant one-year period. To be sure, he could have filed a "bare bones" habeas petition in a timely fashion and then supplemented or amended his pleadings as necessary. See, e.g., Stennis v. Place, No. 16-14262, 2018 WL 3390444, *4 (E.D. Mich. July 12, 2018). His habeas petition is thus untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if

he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (punctuation modified). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado, 337 F.3d at 642 (punctuation modified).

Petitioner asserts that he is entitled to equitable tolling of the one-year period due to the Covid pandemic and his limited access to the law library, Resp. at PageID.1245–1246, (and presumably the foregoing listed events). Such circumstances, however, do not justify equitable tolling. Routine mail delays, prison lockdowns, segregation, and limited law library access are normal aspects of prison life, not extraordinary ones. See Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750–751 (6th Cir. 2011) (rejecting petitioner's argument that he was entitled to equitable tolling due to lack of access to transcripts, pro se status, and limited law library access).

While the pandemic itself is certainly extraordinary, the associated effects on prison life are not exceptional circumstances that warrant equitable tolling. This is especially true where, as here, Petitioner has not explained or presented evidence to show how his circumstances actually prevented him from seeking state collateral review sooner and timely filing his habeas petition during the relevant time period. See e.g., Andrews v. United States, No. 17-1693, 2017 WL 6376401, *2 (6th Cir. 2017) (denying a certificate of appealability on statute of limitations dismissal where petitioner failed to provide detailed explanation about filing delay). General allegations regarding limited law library access, the lack of legal assistance, and even pandemic-related prison conditions, such as those provided by Petitioner, are simply insufficient to demonstrate entitlement to equitable tolling. See Brown v. Barrow, 512 F.3d 1304, 1307 (11th

Cir. 2008) (A petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.").

While Petitioner provides some details about his efforts to submit his habeas petition after the conclusion of collateral review in October, 20023, he offers no detailed explanation about his efforts to pursue collateral review in the state courts (after re-sentencing) in a more timely manner. Nonetheless, as discussed, Petitioner could have filed a bare bones habeas petition after the conclusion of state collateral review and then moved to supplement his petition as necessary. To be sure, his habeas petition consists of claims that were raised in the state courts such that additional legal research was not required to present them in federal court. See Mahan v. Steward, No. 1:21 cv 90, 2021 WL 776989, *2 (W.D. Mich. Mar. 1, 2021) (rejecting equitable tolling where petitioner failed to show how pandemic and restricted library access prevented timely filing).

Lastly, the fact that Petitioner may be uneducated or untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. See Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance). Petitioner fails to show that extraordinary circumstances beyond his control prevented him from timely filing his habeas petition or that he diligently pursued his claims during the relevant one-year period. He is thus not entitled to equitable tolling under Holland.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). As explained in Souter v. Jones, 395 F.3d 577 (6th Cir. 2005), to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623

(1998) (punctuation modified).   A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."   Schlup v. Delo, 513 U.S. 298, 324 (1995).   Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."   Bousley, 523 U.S. at 623.   In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the "extraordinary case."   Souter, 395 F.3d at 590 (punctuation modified).

Petitioner neither alleges nor establishes his actual innocence under the foregoing standards.   Any argument that his habeas claims have merit does not establish his actual innocence.   Craig v. White, 227 F. App'x 480, 481 (6th Cir. 2007).   Petitioner is not entitled to equitable tolling based upon actual innocence.   His habeas petition is therefore untimely and must be dismissed.

### III.   CONCLUSION

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to tolling of the one-year limitations period. Accordingly, the Court grants Respondent's motion to dismiss and dismisses with prejudice the habeas petition.

Before Petitioner may appeal this decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.   Slack v. McDaniel, 529 U.S. 473, 484–485 (2000).   When a court denies relief on

procedural grounds without addressing the merits, a COA should issue if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. Id. Reasonable jurists could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court denies a COA.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court denies Petitioner leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Dated: May 29, 2026               s/Mark A. Goldsmith
Detroit, Michigan                MARK A. GOLDSMITH
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2026.

                                 s/Joseph Heacox
                                 JOSEPH HEACOX
                                 Case Manager